No. 6802.

### City of New Orleans vs. Auguste Mannessier.

An ice-cream confectioner is not a *manufacturer* in the sense of the law which exempts the latter from taxation.

APPEAL from the First Justice's Court, parish of Orleans. *Childress, J.*

Sam'l P. Blanc, Assistant City Attorney, for Plaintiff and Appellee.

F. Michinard for Defendant and Appellant.

The opinion of the Court was delivered by

Poché, J. Defendant appeals from the judgment of the lower court condemning him to pay a license tax of five dollars, for the year 1877, on his business as a peddler of ice-cream on the streets of the city.

Defendant resists the payment of the license on the ground that the sale of articles of one's own manufacture does not subject the seller to the payment of a license-tax to the city, and that the ordinance is illegal in that respect. As the case originated in the year 1877, it must be decided under the constitution and laws then in force, and we must, therefore, ignore all arguments of counsel predicated under the requirements of the constitution of 1879.

Defendant contends that he is a manufacturer, and that as such, and selling goods or articles manufactured by himself, he is exempt from the payment of a license-tax under the operation of articles 2447 and 3344 of the Revised Statutes of 1870, prohibiting any municipal corporation in this State from levying any tax on persons engaged in selling articles of their own manufacture, manufactured in this State.

We cannot assent to the proposition that a person making and selling ice-cream is a manufacturer in the sense of the law, or in any other sense of the word. The attempt to magnify a confectionery, which is defendant's business, into a manufacture, must fail. We are told that any one seeing the steam engine, complicated apparatus, and large force needed to produce defendant's goods, would at once conclude that he is a manufacturer.

With as much force it might be said that any one visiting the mammoth kitchen of the Grand Union Hotel at Saratoga, together with their myriads of employees, and their colossal apparatus, would at once magnify the cooks and pastrymen into manufacturers.

Defendant's position is absolutely untenable, and the judgment of the lower court is, therefore, affirmed with costs.