## Hughes & Company v. City of Lexington.

(Decided December 4, 1925.)

Appeal from Fayette Circuit Court.

1. Municipal Corporations—Term "Engaged in Manufacturing," as Used in Statute Exempting Such from Taxation, Defined.—Term "engaged in manufacturing," as used in Ky. Stats., section 4019a-10, exempting machinery, products, and raw material engaged in manufacturing from city and other local taxation, is incapable of exact definition, and there is no hard and fast rule which can be applied, but each case must turn upon its own facts, having regard for sense in which term is used and purpose to be accomplished.

2. Municipal Corporations—One Engaged in Manufacture of Ice Cream Held Entitled to Exemption from Taxation.—Under Ky. Stats., section 4019a-10, one engaged in manufacturing ice cream, maintaining therefor large plant and employing many people and much machinery, held entitled to exemption from city taxes.

R. H. THOMPSON and H. E. ROSS for appellant.

JAMES A. WILMORE, W. H. TOWNSEND and G. A. HUGUELET for appellee.

Opinion of the Court by Chief Justice Clarke— Reversing.

Section 4019a-10, Kentucky Statutes, exempts from city and other local taxes certain kinds of property, including:

"(2) Machinery and products in course of manufacture of persons, firms or corporations actually engaged in manufacturing and their raw materials actually on hand at their plants for the purpose of manufacture."

Appellant is a corporation engaged upon a large scale in making and selling ice cream in the city of Lexington. It instituted this action against the city under the Declaratory Judgment Act to determine its claimed right to the exemptions granted by the above statute and, the single question for decision is whether it is "engaged in manufacturing" within the meaning of the statute.

That the definition of the term is a question of law and for the courts is plain, but the courts are practically agreed that it is incapable of exact definition and that there is no hard and fast rule which can be applied but that each case must turn upon its own facts, having regard for the sense in which the term is used and the purpose to be accomplished. City of Louisville v. Zinnmeister & Sons, 188 Ky. 570, 222 S. W. 958, 10 A. L. R. 1269; Standard Tailoring Company v. City of Louisville, 152 Ky. 504, 153 S. W. 764, 44 L. R. A. (N. S.) 303; City of Lexington v. Lexington Leader Company, 193 Ky. 107, 235 S. W. 31; City of Henderson v. Geo. Delker Co., 193 Ky. 248, 235 S. W. 732; 38 C. J. 972.

The sense in which the term is here used as well as the purpose intended to be accomplished by the act is quite plain. Obviously the term "engaged in manufacturing" was not employed in any technical sense but must be accorded its ordinary meaning as commonly understood. And, while incapable of exact definition, nevertheless it is true, as was stated in several of the above cases, that according to common understanding and generally speaking, manufacturing consists in the application of labor or skill by hand or machinery to material so that as a result thereof a new, different and useful article of commerce is produced.

It likewise is clear that the purpose the legislature intended to accomplish by the enactment was the encouragement of manufacturing as a state industry and

for the public good; and that the exemption from local taxes was simply the means adopted for the accomplishment of that purpose. And it must not be overlooked that in so doing the legislature was but carrying into effect an amendment to the State Constitution, adopted a short time theretofore, and expressly authorizing it to divide property into classes and to determine what class or classes should be subject to local taxation.

However this court never has treated the act as a declaration of public policy to be liberally construed but uniformly has taken the opposite view.

In the older cases this and like acts have not only been treated as mere grants of special privilege but some of such acts have been construed so strictly that every doubt, however slight, seems to have been resolved against applicability.

In the more recent cases, although the rule of strict construction was held applicable, the term "engaged in manufacturing" has been much more liberally construed.

The extreme variance in the results obtained from an attempted application of the same rule is indicated by the fact that the manufacturing of clothing was held not within a like act in Standard Tailoring Company v. City of Louisville *supra,* whereas the roasting and preparation of green coffee for market was held to be manufacturing under this act in the Zinnmeister case *supra.*

Obviously an attempt to reconcile these cases would be futile, and happily this is not necessary. In the recent cases of City of Lexington v. Lexington Leader Company and the City of Henderson v. Geo. Delker Company, *supra,* both decided in December, 1921, and the exemption denied in the one and granted in the other, the rule of strict construction was held applicable only in the sense and to the extent that courts are not justified in extending the terms of such a statute by mere implication.

But even this liberalization of the rule was evidently not satisfactory to the legislature, for at its next session the decision in the Leader case, that the publisher of a daily and weekly newspaper was not a manufacturer within the contemplation of the act, was repudiated and the act was amended by a declaration that the publisher of a newspaper and also the operator of a job printing plant "shall be deemed to be actually engaged

in manufacturing within the meaning of this act." Chapter 18, page 67, Acts 1922.

In the light of these facts it can not be doubted but that the term "engaged in manufacturing" as employed in this act includes every kind of business whereby a different and useful article of commerce is produced by the application of labor or skill, by hand or machinery to any kind of material, and that appellant's business as described in the record is well within its meaning.

The company employs many people and much machinery; it has a large plant in which it applies much labor and skill by both hand and machinery to whole milk which it purchases from dairy men; by many and intricate processes the cream is separated from the milk, pasteurized, flavored, matured and frozen. The ice cream thus produced and marketed is certainly a new, different and useful article of commerce from the whole milk and, we are confident that any one who saw the plant in operation or read a description thereof as herein set out would at once say that appellant is engaged in manufacturing as the term is commonly understood.

The circuit judge in his written opinion expressed a like conclusion and held that appellant was not a manufacturer within the meaning of the statute only because of a statement made by this court in the Leader Company case *supra,* which he interpreted as an approval of the decision in the City of New Orleans v. Mannessier, 32 La. Ann. 1075, that a person making and selling ice cream is not a manufacturer within the meaning of the Louisiana statute or in any sense of the word. We, however, did not then have that question before us or attempt its decision and can not give such force to the statement made in the Leader case, which was merely advanced as an argument or illustration in support of our conclusion that the publisher of a newspaper was not a manufacturer within the meaning of the statute. But even if this were not true that opinion, as well as its indorsement, if any, of the Louisiana case *supra* has lost its force when now for the first time we come to consider whether or not making ice cream is manufacturing within the meaning of our statute. This is true for two reasons: In the first place, as already explained, the legislature has declared its purpose that the act shall be more liberally construed than was done in the Leader case. Then again the Louisiana court in a more recent and better considered opinion has distinguished the case

above referred to upon the ground that it referred only to a confectioner and held that the making of ice cream in practically the same way as does appellant constituted the maker a manufacturer within the terms of the Louisiana law exempting from certain kinds of taxation. State Tax Collector v. Brown, 140 La. 928.

We therefore are clearly of the opinion that appellant is engaged in manufacturing within the terms and purpose of section 4019a-10 *supra* and entitled to the exemption from taxes thereby granted. Therefore the judgment is reversed and the cause remanded, with directions to enter a judgment conforming to this opinion. The whole court sitting.