## Commonwealth, for Use of Rockcastle County v. W. J. Sparks Company.

(Decided January 17, 1928.)

### Appeal from Rockcastle Circuit Court.

Taxation.—In a proceeding by the commonwealth for the use and benefit of a county to subject to local taxation certain personal property of defendant, held, that since defendant was engaged

in the blasting, crushing, and delivering of rock for use as road material, it was engaged in "manufacturing," within the meaning of Ky. Stats., sec. 4019a-10, so as to make it exempt from taxation by the county; the word "manufacture" meaning to work, as raw or partly wrought material, into suitable forms for use.

JOHN NOLAND and G. M. BALLARD for appellant.

C. C. WILLIAMS and B. J. BETHURUM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

This is a proceeding by the commonwealth of Kentucky for the use and benefit of Rockcastle county to subject to local taxation certain tangible personal property consisting of equipment, tools, cars, trucks, machinery, etc., owned by the W. J. Sparks Company, a corporation, engaged in the operation of a rock quarry in Rockcastle county, and employed for the purpose of preparing and delivering the rock for use as road material. From a judgment sustaining a demurrer to, and dismissing, the petition, this appeal is prosecuted.

Section 4019a-10, Kentucky Statutes, provides:

"All property subject to taxation for state purposes as provided in section 4020, Kentucky Statutes, shall be subject also to taxation in the county, city, school or other taxing district in which same has a taxable situs, except the following classes of property which shall be subject to taxation for state purposes only:  . . .
"(2)  Machinery and products in course of manufacture of persons, firms, or corporations actually engaged in manufacturing and their raw material actually on hand at their plants for the purposes of manufacture."

The question for determination is whether the W. J. Sparks Company is engaged in manufacturing. If so, then by the terms of the statute the property in question is not subject to local taxation.

Often it has been said that the word "manufacture" is not susceptible of accurate definition. Certain it is that it is not susceptible of a definition that is all-embracing, or all-exclusive. We have said that manufacturing consists in the application of labor or skill by hand or machinery to material, so that as a result thereof a new,

different, and useful article of commerce is produced. Hughes & Co. v. City of Lexington, 211 Ky. 596, 277 S. W. 981. Perhaps as accurate a definition as may be given is "to work, as raw or partly wrought material, into suitable forms for use." Webster's New International Dictionary. Clearly, manufacturing does not require the creation of something out of nothing. That is manufacturing which gives new shapes, new qualities, new combinations to matter which has already gone through some artificial process. City of New Orleans v. Le Blanc, 34 La. Ann. 596; Hall v. Guthrie, 103 S. W. 721, 31 Ky. Law Rep. 801. If this were a case where the rock was merely blasted from the quarry and then broken into sizes for convenience of delivery, a different question would be presented. Here the rock in its native state is first blasted. It is then broken into sizes small enough to be placed in the crusher. It is then crushed and assorted into different sizes, some of which are ordinary stones, while others are mere macadam chips. Neither in its original state, nor when first blasted, is the rock suitable for use. By the process in question its shape, size, and adaptability are essentially changed, and the native rock is converted into an article suitable for use as road material. In our opinion this is manufacturing (City of Louisville v. Zinmeister & Sons, 188 Ky. 570, 222 S. W. 958, 10 A. L. R. 1269; City of Louisville v. Louisville Tin & Stove Co., 170 Ky. 557, 186 S. W. 124; Bogard v. Tyler's Admr., 119 Ky. 637, 55 S. W. 709, 21 Ky. Law Rep. 1452), and the trial court did not err in so holding.

Judgment affirmed.