### David J. Joseph Company v. City of Ashland, et al.

(Decided January 31, 1928.)

#### Appeal from Boyd Circuit Court

Taxation.—Machinery used in cutting up scrap iron by firm engaged in operation of scrapyard held "manufacturing machinery," within the meaning of Ky. Stats., sec. 4019a-10, exempting manufacturing machinery from local taxation.

ROBERT T. CALDWELL for appellant.

JOHN T. DIEDERICH for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The sole question involved on this appeal is whether certain machinery or equipment used by the appellant is manufacturing machinery within the meaning of section 4019a10, Kentucky Statutes. If it is manufacturing machinery, it is exempt from local taxation. It has been assessed by the city of Ashland for local taxation. Appellant asked that the assessment be adjudged void, and that an injunction be awarded to prevent the collection of the tax.

There is a stipulation covering the facts in the case. The business of appellant is thus described:

"The sole business in which plaintiff is engaged in said city is the operation of a scrap-yard, in the following manner, to wit: That it purchases at various points outside of the said city steel freight cars, bridges, structural steel and iron, automobile frames and bodies, boilers, smokestacks, engines, and other junked machinery and articles of steel or iron and ships same into its said yard at Ashland to be there converted into scrap; when received at Ashland, said iron and steel is not in a form, shape, or dimension in which it can be used as scrap, or sold as such; that, by the use of various machinery and mechanical appliances at said yard, said iron and steel is first cut up with an electric torch into pieces sufficiently light in weight to be handled at the shears, and thereafter is put through electrically driven shearing machines, which further change the form and dimensions of said metals by cutting them into smaller pieces of relatively uniform size and shape, which product is known as commercial scrap, and in such form this scrap is at said Ashland plant sold and delivered, as a finished scrap product, to the public and the trades using same, which is used by purchasers in making steel and iron, or by foundries."

The court has recently had a similar case before it, and has held that machinery similarly used is manufacturing machinery, and therefore entitled to exemption from local taxation. The case is Commonwealth of Kentucky v. W. J. Sparks' Co., 222 Ky. 606; — S. W. (2d) —. On the authority of that opinion we find that the lower court erroneously held that the machinery and equipment mentioned in the petition of appellant was not manufac-

turing machinery, and therefore not entitled to exemption from local taxation.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.