# Burke, Tax Com'r, et al. v. Stitzel-Weller Distillery.

Dec. 6, 1940.

Churchill Humphrey, Judge.

Lawrence S. Grauman and Robert L. Sloss for appellants.

Carroll, McElwain & Ballantine for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

The sole question presented by this appeal is whether machinery used by distilleries in bottling whisky is exempt from local taxation pursuant to Section 4019a-10, Subsection (3), Kentucky Statutes, which reads in part:

"Machinery and products in course of manufacture, of persons, firms, or corporations, actually engaged in manufacturing, and their raw material actually on hand at their plants for the purpose of manufacture and unmanufactured agricultural products in the hands of the producer or in the hands of any agent or agency of the producer to which said products have been conveyed or assigned for the purpose of sale by the producer. * * *"

Appellee is a Kentucky corporation and engaged in distilling and bottling whisky in Jefferson County, Ky. Its bottling machinery was assessed by the local taxing authorities at a valuation of $3,000 and appellee brought this action against Thomas F. Burke, Tax Commissioner of Jefferson County, and J. Hunter Matthews, Sheriff of Jefferson County, under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., seeking a declaration of rights of the parties and insisting that its bottling machinery is used in the course of manufacturing whisky in contemplation of the Statutes, supra, and therefore exempt from local taxation.

The petition set out certain facts relating to the process of manufacturing and bottling whisky. We here set out a part of the pertinent agreed facts:

Under Kentucky Statutes, Section 2554b-119, distillers can sell distilled spirits in barrels to licensed rectifiers or other distillers and can sell to wholesalers dis-

tilled spirits in bottles containing not less than one-half pint nor more than one quart. The distillers may purchase distilled whisky in barrels from other licensed distillers in Kentucky or any other state and rectifiers may purchase distilled spirits in barrels from licensed distillers or from nonresidents authorized by law of the state of their residence. Under Section 2554b-120, wholesalers may purchase from distillers distilled spirits in bottles containing not less than one-half pint nor more than one quart, and under Section 2554b-121, wholesalers may sell distilled spirits in bottles containing not less than one-half pint nor more than one quart to other licensed wholesalers, to licensed retailers, or for export out of the state. Under Section 2554b-172, no wholesaler shall purchase, import or keep upon his premises or sell any distilled spirits in any cask, barrel, keg, hogshead or other container except in original sealed packages containing quantities of not less than 8 oz. each and not to exceed one quart of distilled spirits. And under Section 2554b-184 no holder of a license to sell distilled spirits for consumption off the premises shall purchase, keep upon the premises or sell any such beverage in any cask, barrel, keg, hogshead or other container except in the original sealed package containing quantities of not less than 8 oz. nor more than one quart of distilled spirits. Under Section 2554b-187, no holder of a license for the sale of distilled spirits at retail for consumption on the premises shall keep upon the premises any beverage in any cask, barrel, keg, hogshead or other container, except in the original package containing quantities not to exceed one quart of distilled spirits. Also, Section 73 of Regulation No. 5 promulgated by the Federal Alcohol Administrator under authority of Section 6(a) of the Federal Alcoholic Administration Act, 27 U. S. C. A., Section 206(a), prohibits the sale of whisky for consumption in any state of the United States until it has been placed in bottles containing not less than one-tenth of a pint nor more than one gallon.

The case was submitted to the court and upon consideration the court held and adjudged that the machinery used in the bottling of whisky comes within the exemption of Section 4019a-10, Subsection (3), of the Statutes, and is, therefore, exempt from the local taxation. The Tax Commissioner and Sheriff have appealed.

Appellants contend that the whisky which is bottled is produced by the distilling company and is distilled in the same manner as other whisky; that when the distilled liquor is placed in barrels by the distilling company it is a completely manufactured product and requires no other process of manufacture to put it in a condition in which it can be sold or trafficked in, but the bottling of the whisky is merely the removal of the finished product from one package to another in a container of a different sort; that the finished whisky is salable in barrels and suitable for consumption without the repacking (bottling) thereof, and that the machinery used in the bottling of the whisky after it has been completely manufactured or distilled by the distilling company is not used or employed in the process of manufacturing whisky and therefore not exempt from county and school taxes within the meaning of the statute, supra.

The meaning of the word "manufacture" as used in the statute, supra, may vary according to the facts and circumstances of each particular case. This court has often held that the word "manufacture" as used in the statute is not susceptible of accurate definition or of a definition that is all-embracing or all-exclusive (Comm. etc., v. W. J. Sparks Co., 222 Ky. 606, 1 S. W. (2d) 1050), and that a definition of the word "manufacture" means "to work, as raw or partly wrought materials, into suitable forms for use". City of Louisville v. Ewing Von-Allmen Dairy Co., 268 Ky. 652, 105 S. W. (2d) 801, 802.

Also in Hughes & Co. v. City of Lexington, 211 Ky. 596, 277 S. W. 981, 982, speaking of the definition of the term "manufacture" as used in the statute in question, we said:

"That the definition of the term is a question of law and for the courts is plain, but the courts are practically agreed that it is incapable of exact definition, and that there is no hard and fast rule which can be applied, but that each case must turn upon its own facts, having regard for the sense in which the term is used and the purpose to be accomplished. City of Louisville v. Zinmeister & Sons, 188 Ky. 570, 222 S. W. 958, 10 A. L. R. 1269; Standard Tailoring Co. v. City of Louisville, 152 Ky. 504, 153 S. W. 764, 44

L. R. A. (N. S.) 303, Ann. Cas. 1915 B, 220; City of Lexington v. Lexington Leader Co., 193 Ky. 107, 235 S. W. 31; City of Henderson v. Geo. Delker Co., 193 Ky. 248, 235 S. W. 732; 38 C. J. 972.''

In City of Louisville v. Zinmeister & Sons [188 Ky. 570, 222 S. W. 960], cited in the quotation above, it is said:

"If raw material is converted at a factory or plant into a finished product, complete and ready for the final use for which it is intended, or so completed as that in the ordinary course of business of the concern it is ready to be put upon the open market for sale to any person wishing to buy it, the plant which turns it out is a manufacturing establishment within the meaning of the Statutes.''

And in P. Lorrilard Co. v. Ross, Sheriff, 183 Ky. 217, it is said, ''but it may safely be said that the general rule is that no article is considered manufactured *until it has been put in condition for sale on the open market for the purpose for which it was intended to be used.''* (Our italics.)

It is true that in a restricted and narrow sense of the word ''manufacture'' whisky is completely manufactured before it is bottled. However, with rare exceptions relating to rectifiers, other distillers and wholesalers, whisky cannot be put on the market for the use for which it was intended until it is bottled. It appears that under the authorities supra, whisky is not ready for the ''final use for which it is intended'' until it is put in bottles in the amounts specified in the Statutes, and the use to which the bottling machinery was put constituted a part of the ''manufacturing'' machinery necessary to make ready the whisky for the final use for which it was intended.

It is our view that under the facts and circumstances of this case the meaning of the word ''manufacture'' should not be restricted to the mere ''distilling'' process through which the whisky goes, but should be given a liberal construction so as to include all things necessary to make it ready to be put on the market so as to be sold to the consuming public for the purpose for which it was intended. City of Louisville v. Zinmeister & Sons, supra.

Appellants cite and discuss in support of their contention the case of Glenmore Distilleries Co. v. Department of Revenue, 279 Ky. 505, 131 S. W. (2d) 460, and certain other cases which we have discussed supra. The facts involved in the Glenmore case were that the distillery had obtained a permit from the Department of Revenue authorizing it to manufacture a certain number of gallons of whisky and paid in advance the production tax of 5c per gallon. The distillery proceeded to distill the whisky and placed it in barrels and stored it in a bonded warehouse which was burned resulting in total destruction of the whisky. The distillery then applied to the Department of Revenue for a permit to manufacture a quantity of whisky equal to that which had been destroyed without paying the production tax of 5c per gallon. This court held that since the distillery had proceeded to the extent that the whisky had been distilled and placed in barrels the production tax then attached and refused to permit the distillery to manufacture the quantity of whisky which had been destroyed by the fire, without paying the State license tax of 5c per gallon.

No question of an ad valorem tax, as is here involved, was involved in that case, nor was there any issue as to what constituted machinery engaged in manufacturing whisky or any other article within the meaning of the Statute involved in the present case. We do not think the Glenmore case supports appellants' contention under the issues involved in the present case.

For reasons stated the judgment is affirmed.

Whole court sitting except Judge Perry.