## Stearns Coal & Lumber Co. v. Thomas, Sheriff.

Oct. 15, 1943.

H. C. Gillis for appellant.

James A. Inman and Stephens & Steely for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming in part and reversing in part.

The sole question presented by this appeal is whether certain lumber is exempt from local taxation on an assessment made July 1, 1941, within the meaning of KS, Section 4019a-10, Subsection 3 (now KRS 132.200), which exempts: "Machinery and products in course of manufacture, of persons, firms, or corporations, actually engaged in manufacturing, and their raw material actually on hand at their plants for the purpose of manufacture * * *."

The appellant, Stearns Coal & Lumber Company, operates extensive coal mining and lumber interests in McCreary County. At Stearns, Ky., it maintains a large lumber yard of 4 acres and in connection therewith the company operates a sawmill and a planing mill and two large warehouses, or "drying sheds." The sawmill converts logs into rough lumber which is held for drying and for sale. A great portion of it, after drying, goes through the planing mill for further manufacture where it is converted into different kinds of dressed lumber, such as flooring, ceiling, molding, casing, etc.

The facts are not in dispute. For the year 1941, 36% of the company's lumber sales were of rough lumber and 64% were of dressed lumber. On July 1, 1941, the company's inventory showed 12,660,256 feet of lumber, of which 189,603 feet had been dressed in the planing mill. It is not contended this dressed lumber is exempt from local taxation, but it is insisted by the company that the remaining 12,470,633 feet was "raw material actually on hand at their plant for the purpose of manufacture," and was exempt from taxation under the statute above quoted. The county contends when the logs were converted into rough lumber by the sawmill, that all of it had been "manufactured" within the meaning of the statute and none of it was exempt from taxation as raw material.

The chancellor decided that as 36% of this rough lumber was sold by the company without being further manufactured, or processed, it could not be considered as raw material on hand and was not exempt from local taxation; that as the company usually ran the remaining 64% of this rough lumber through the planing mill for further processing, this percentage of the stock must be considered as raw material on hand and was exempt under the statute from local taxation.

The company appeals from so much of the judgment as holds 36% of the rough lumber was subject to local taxation, and the county prosecutes a cross-appeal from that part of the judgment exempting the remaining 64% of this rough lumber.

The question before us for decision is, when did this lumber reach the status of becoming manufactured within the meaning of the statute? Was it at the time it was converted from logs into rough lumber at the sawmill, or was it when it was further processed into dressed lumber at the planing mill?

We have accepted the definition of the word "manufactured" as given in Webster's New International Dictionary, "to work, as raw or partly wrought materials, into suitable forms for use." But we have written many times that the word "manufactured" as used in the statute under construction cannot be accurately defined and that each case must stand upon its own facts with regard for the sense in which the term is used and the purpose to be accomplished. 38 C. J., Section 20, p. 972; City of Louisville v. Ewing Von-Allmen Dairy Co., 268 Ky. 652, 105 S. W. (2d) 801; Burke v. Stitzel-Weller Distillery, 284 Ky. 676, 145 S. W. (2d) 861; City of Louisville v. J. Zinmeister & Sons, 188 Ky. 570, 222 S. W. 958, 10 A. L. R. 1269; City of Henderson v. Delker Bros. Buggy Co., 193 Ky. 248, 235 S. W. 732; City of Lexington v. Lexington Leader Co., 193 Ky. 107, 235 S. W. 31. Likewise, "raw material" is susceptible of no definite and all-inclusive definition and this term must be interpreted as is commonly understood by all mankind and in the sense in which it was used by the Legislature and the purpose it sought to accomplish. The Lexington Leader case, supra; Lorrilard Co. v. Ross, 183 Ky. 217, 209 S. W. 39.

Funk & Wagnalls New Standard Dictionary defines the word "lumber" as "timber sawed into merchantable form, especially boards." It is stated in 38 C. J., Section 50, p. 985, that the weight of authority is that lumber in its early stages is regarded as a manufactured article and a sawmill is usually considered a manufacturing establishment. In Bogard v. Tyler's Adm'r, 119 Ky. 637, 55 S. W. 709, 21 Ky. Law Rep. 1452, this court held that one operating a sawmill was engaged in the manufacture of lumber.

In the case at bar the undisputed testimony is that this rough lumber is held by the company for sale and

that 36% thereof is sold in the form in which it comes from the sawmill, while the remaining 64% is further processed in the planing mill to meet the demands of the trade. If some purchaser had desired the entire 12 million feet of rough lumber, the company would have sold it. Or if a different purchaser had desired the entire lot as dressed lumber, the company would have processed it in the planing mill and would have sold it in that form. Therefore, it is evident that when the logs had been converted into rough lumber the company had a completed product ready for the market in the ordinary course of its business and one that was purchased by the public in great quantities; also, it had a product that could, and about two-thirds of it was, further processed by the company.

When raw material is converted by a factory into a finished product complete and ready for the final use intended, or so completed as that in the ordinary course of business it is ready to be put on the market for sale to any person wishing to purchase it, then it ceases to be raw material and becomes a manufactured product. Zinmeister case, 188 Ky. 570, 222 S. W. 958, 10 A. L. R. 1269; Lorrilard case, 183 Ky. 217, 209 S. W. 39; Com., etc., v. W. J. Sparks Co., 222 Ky. 606, 1 S. W. (2d) 1050. In Glenmore Distilleries Co. v. Department of Revenue, 279 Ky. 505, 131 S. W. (2d) 460, 462, it was written "that whisky is manufactured, and is a completed product, when it is placed in barrels." The opinion in Burke v. Stitzel-Weller Distillery, 284 Ky. 676, 145 S. W. (2d) 861, holding machinery used to bottle whisky is manufacturing machinery and is exempt from local taxation under the statute is not inconsistent with the Glenmore case. It is common knowledge that an article may be put through several processes in various and separate manufacturing machinery, but this does not of necessity make the article "raw material in the course of manufacture." If it did, then almost any completed article which a company might further process upon the demand of a customer would be raw material and the company could escape taxation upon practically all of its stock offered for sale to the general public on the theory that it further manufactured the article upon the demand of the trade.

Certainly, it was not intended by the Legislature to exempt from taxation an article completed, ready for and actually sold on the market for the use it was in-

tended, merely because the company might further manufacture or process it at the instance of a customer. Tax exemption statutes are not favorites of the courts because they extend special privileges, hence they are strictly construed against those claiming their benefits. Lexington Leader case, 193 Ky. 107, 235 S. W. 31; Delker case, 193 Ky. 248, 235 S. W. 732. See annotations in 10 A. L. R. 1274 as extended in 116 A. L. R. 1111.

Considering all the facts and circumstances in the case at bar in the light of the intent of the Legislature to exempt from taxation only such raw materials as are on hand at a plant for the purpose of manufacture, and giving the statute a strict interpretation, we are convinced that this lumber became subject to local taxation when it left the sawmill.

The judgment is affirmed on the appeal and reversed on the cross-appeal with directions to enter one in conformity with this opinion.