114 So.2d 893

**STATE of Alabama and Tax Assessor of Jefferson County,**

v.

**LAMSON & SESSIONS COMPANY.**

6 Div. 253.

Supreme Court of Alabama.

Oct. 8, 1959.

John Patterson, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellants.

**612**

Martin & Blakey, Harold Williams and Donald L. Collins, Birmingham, for appellee.

COLEMAN, Justice.

The Tax Assessor of Jefferson County added to the ad valorem tax return of the appellee, taxpayer, an item listed as "20. Supplies, raw materials and manufactured articles of manufacturers, not including products manufactured within twelve months and stored at point of manufacture." in the assessed value of $229,100. Taxpayer appealed to the circuit court where ninety-five per cent of the additional assessment, being $217,645, was annulled and set aside. From the judgment of the circuit court, the tax assessor and the State have taken the instant appeal.

Appellants insist that the trial court erred in holding that ninety-five per cent of the raw material inventory is not subject to

ad valorem tax and is specifically exempt therefrom under Title 51, § 2, paragraph (*l*), Code 1940, which recites as follows:

> "The following property and persons shall be exempt from ad valorem taxation and none other: * * * (*l*) All raw material, including coke, produced during the current calendar year, when stocked at any plant or furnace, for manufacturing purposes in Alabama."

This case is not concerned with the statutory requirement as to when the "raw material" was produced. As we understand the record, the State agreed that the material here in question was "produced during the current calendar year."

For a condensed statement of the facts and the contentions of taxpayer, we quote the following excerpts from taxpayer's brief:

> " * * * Upon the evidence as presented to the trial court in accordance with the law and with sound logical reasoning, we most strongly insist that the trial court was correct in its holding.

> "The strongest argument of tax assessor in his brief, is to the effect that the statute applies only to material in its *natural state*. It is submitted that such is not the correct conclusion to be drawn from the statute. We come then to the question of what is the meaning of 'raw material' within such statute.

> "The taxpayer is engaged in manufacturing bolts, nuts, rivets, special agricultural implements, special products for stove manufacturers, special products for mines and special products for railroads, at its factory in Birmingham, Alabama. The basic materials used in its production process are bars or rods of iron or steel. The rods of steel are purchased primarily from TCI division of U. S. Steel, who manufacture(s) these rods or bars of steel. These steel rods, being a derivative of iron ore,

cannot be classified as a *raw material in its natural state,* such as coal, iron ore, and other products actually taken from the earth. However, what is most compelling is the fact that such steel rods are the basic items employed by the taxpayer in its manufacturing processes. Therefore, whatever a steel rod might be as to TCI, it is a raw material to taxpayer." (Par. Added.)

\* \* \* \* \* \*

"The testimony of Mr. H. A. Frazer, production manager of taxpayer, with twenty-eight years of experience in his field, indicated that taxpayer's material is a *special* steel; that such steel material has a special chemistry for a particular use; that a steel company would not normally stock it; that it is produced on order, and that he did not know, specifically, of any use to which these inventory items could be put in their present form."

Taxpayer's argument, in short, is that the legislature intended to exempt a manufacturer's basic material stocked for manufacturing purposes, whether such basic material is raw in the ordinary sense or not; that "raw material" is a relative term; and that which is a manufactured product to one taxpayer may be "raw material," within the meaning of the statute, to another taxpayer.

The question in the case may be fairly stated as follows: Are the steel rods and bars, which are stored at taxpayer's plant for manufacturing purposes in Alabama, raw material, and, therefore, exempt from ad valorem tax under paragraph (*l*) of § 2, Title 51, Code 1940?

We answer in the negative and hold that said rods and bars are not raw material within the meaning of the statute.

Appellants state in brief, and correctly, so far as we have ascertained, that, as to construction of paragraph (*l*), supra, this is a case of first impression. We must undertake then, to construe the statute from its language and under applicable rules of construction.

■ This court has said:

"All 'particular rules for construing statutes must be regarded as subservient to end of determining legislative intent.' \* \* \*

"The intention of the Legislature must primarily be determined from the language of the statute itself if it is unambiguous. \* \* \*

\* \* \* \* \* \*

"The general rule is that where the language of a statute is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction. \* \* \*." Dixie Coaches v. Ramsden, 238 Ala. 285, 287, 288, 190 So. 92, 94.

■ We have found no definition of "raw material" in the statute. "\* \* \* There is a generally accepted canon of statutory construction to the effect that where there is nothing to indicate to the contrary, words in a statute will be given the meaning which is accepted in popular everyday usage. \* \* \*" Republic Steel Corp. v. Horn, 268 Ala. 279, 105 So.2d 446, 447; Ala.Digest, Statutes, ☞188. "Raw" has been defined as:

"Not cooked; as *raw* meat, *raw* fruit. In the natural state or approximately so; little changed by art; unwrought; unrefined; as *raw* material; \* \* \*" Webster's New International Dictionary, 1925, page 1775.

Looking to the language of paragraph (*l*), supra, the statute grants exemption as to "raw material." If the legislature intended to grant exemption as to all "material" produced during current calendar year stocked for manufacturing purposes, why was the word "raw" used? The answer must be that only raw material was to be exempt, and material that was not raw should not be exempt.

Immediately following the words "raw material," the words "including coke" were inserted. If the legislature intended to exempt all material stocked for manufacturing purposes, why was it felt necessary to expressly state that coke was to be included in the exempt material? Coke is defined as:

"The solid left when a caking coal is deprived of its volatile constituents by heating in a retort or oven. It consists mainly of carbon, and is hard, porous, and gray with submetallic luster. It is much used in metallurgy, and also as a domestic fuel, etc." Webster's New International Dictionary, 1925, page 435.

Appellee's witness, R. W. Mooty, a metallurgist with 35 years' experience, testified that coke is employed in refining iron ore. Coke is certainly not a raw material in the primary sense because it is not found in nature in the form of coke, but is a material made from coal. The legislature must have recognized this fact, recognized further that coke would not be considered as included within the term "raw material," and, in order to provide an exemption for coke, thought it necessary to expressly state that coke should be included as a raw material, although it would not ordinarily be so considered.

Where a statute enumerates certain things on which it is to operate, the statute is to be construed as excluding from its operation all those things not expressly mentioned. Champion v. McLean, 266 Ala. 103, 112, 95 So.2d 82. Here the statute has expressly enumerated coke as a manufactured material which is to be included as a raw material. Under the rule of construction, the statute is to be construed as excluding from its operation all other manufactured materials not expressly mentioned. We think the language clearly shows that the legislature did not intend to include special chemistry steel rods and bars as raw material under paragraph (*l*), supra.

If taxpayer's inventory of supplies is to be exempt from tax under the statute, the statute must show in clear and unambiguous terms the intention of the legislature to grant the exemption, " * * * for the right of taxation is essential to the existence of all governments, * * * and it is never to be presumed that this right is abandoned or surrendered unless it clearly appears that such was the intention. * * *" Stein v. Mayor, Aldermen and Common Council of Mobile, 17 Ala. 234, 239. " * * * ' * * * "Taxation is the rule; exemption the exception." * * * When therefore it is claimed that by legislation any species of property, * * * is relieved from its just proportion of public burdens, the intention to release it ought to be expressed in clear and unambiguous terms; it ought not to be deduced from language of doubtful import, nor when there is room for just controversy as to the legislative intent. * * * A statute creating an exception from taxation, or substituting, for the benefit of an individual or a corporation, taxation less onerous than that which others must bear "belongs to a class of statutes in which the narrowest meaning is to be taken which will fairly carry out the intent of the Legislature." * * * ' " Brown v. Protective Life Insurance Co., 188 Ala. 166, 168, 169, 66 So. 47; see also, Ala.Digest, Taxation, ☞204(2). Giving full consideration to appellee's argument, we think the most that can be said is that it creates "room for just controversy as to the legislative intent."

The statute exempts "raw material." The taxpayer says that means to include "These steel rods" which " * * * cannot be classified as a *raw material in its natural state.*" Under the rule of strict construction, the doubt must be resolved against taxpayer who seeks to enlarge the exemption to include material admittedly not in its natural state and which can be called "raw" only in the sense that from it taxpayer makes something else of different size and shape.

In City of Henderson v. George Delker Company, 193 Ky. 248, 235 S.W. 732, decided in 1921 and relied on by appellee, the court held that taxpayer who finished and assembled parts into buggies was a manufacturer, and that the parts were "raw material" under the Kentucky statute. The court there said that "raw material" did not necessarily mean "crude material in its natural state," under the statute which exempted: "* * * 'machinery and products in course of manufacture of persons, firms or corporations actually engaged in manufacturing and their raw material actually on hand at their plants for the purpose of manufacture,' * * *." 235 S.W. 732. The statute quoted contains no mention of any particular substance, such as "including coke," which is found in paragraph (*l*) of § 2, Title 51, Code 1940. This difference, we think, is sufficient to distinguish the cited Kentucky case from the case at bar. Moreover, the same Kentucky court, construing the same statute in 1943, decided that rough lumber, which had been made from logs by taxpayer and was held in stock for further processing, was not exempt as raw material. The 1943 opinion in pertinent part recites:

"When raw material is converted by a factory into a finished product complete and ready for the final use intended, or so completed as that in the ordinary course of business it is ready to be put on the market for sale to any person wishing to purchase it, then it ceases to be raw material and becomes a manufactured product. * * *

"Certainly, it was not intended by the Legislature to exempt from taxation an article completed, ready for and actually sold on the market for the use it was intended, merely because the company might further manufacture or process it at the instance of a customer. Tax exemption statutes are not favorites of the courts because they extend special privileges, hence they are strictly construed against those claiming their benefits. * * *" Stearns Coal & Lumber Company v. Thomas, 295 Ky. 808, 175 S.W.2d 505, 507.

We have carefully examined the other cases cited by appellee. To discuss those authorities in detail would unduly lengthen this opinion. While the cited cases do contain expressions supportive of appellee's contentions, each of them, as it appears to us, can be distinguished from the instant case.

The rods and bars here under consideration are made to order and vary as to diameter, cross-section, and length. Some bars or rods have chemical content different from that of other bars or rods, and are unquestionably manufactured products in the sense that iron ore has been refined, mixed with other elements, and shaped to fit varying specifications. They are clearly not in the same state as when found in nature, but have been made into something else by the hand of man. We are of opinion that the steel rods and bars which constitute taxpayer's inventory are not raw material within the meaning of the statute.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.