T. T. COLLEY, Etc., et al., Appellants,

v.

EASTERN COAL CORPORATION, Appellee.

Court of Appeals of Kentucky.

July 2, 1971.

Rehearing Denied Oct. 1, 1971.

authorities as not being exempt from taxes under KRS 132.200. Eastern appealed to the Board of Tax Appeals. The Board of Tax Appeals found adversely to Eastern's contention that it was engaged in "manufacturing" within the meaning of KRS 132.200(4). On appeal to the Pike Circuit Court, the trial court found that the process used by Eastern at its facility constituted manufacturing, and thus its machinery and equipment were exempt from taxation. The taxing authorities appeal from this judgment. We reverse.

Eastern utilizes a process consisting of manual picking, mechanized crushing, screening, and washing of mine-run coal for the purpose of removing foreign matter and impurities. This process reduces the foreign material and impurities from 28% to a market standard of 6%, while leaving the basic raw material unchanged, either chemically or physically, except for sizing. The separated impurities are discarded as refuse. The resulting products are egg coal, stoker coal, and fine coal. They, minus the impurities, are then commingled and loaded aboard gondola cars for shipment for metallurgical purposes.

We are now called upon to determine whether the processing amounts to manufacturing within the tax-exemption statute, KRS 132.200.

William S. Riley, Cyril E. Shadowen, Dept. of Revenue, Frankfort, for appellants.

Donald Combs, Stephens, Combs & Page, Baird & Hays, Pikeville, for appellee.

NEIKIRK, Judge.

Eastern Coal Corporation, hereinafter referred to as "Eastern," is engaged in Pike County, Kentucky, in the mining and preparation of coal for the metallurgical coal market. The equipment used by the corporation in its preparation of the coal for sale was listed and taxed by the proper

It is difficult to place a legal definition on the word "manufacture," and this court has endeavored to apply the meaning that corresponds with the "common understanding of mankind"; namely, that interpretation which agrees with the popular sense in which the term is used rather than with its scientific description. City of Lexington v. Lexington Leader Co., 193 Ky. 107, 235 S.W. 31. We have said that it means the working of raw or partly wrought materials into forms suitable for use, or the processing of raw materials and producing therefrom a different product. Burke v. Stitzel-Weller Distillery, 284 Ky. 676, 145

S.W.2d 861; Stearns Coal & Lumber Company v. Thomas, 295 Ky. 808, 175 S.W.2d 505; City of Louisville v. Howard, 306 Ky. 687, 208 S.W.2d 522. We have clarified this by stating " * * * according to common understanding and generally speaking, manufacturing consists in the application of labor or skill by hand or machinery to material so that as a result thereof a new, different, and useful article of commerce is produced." Hughes & Co. v. City of Lexington, 211 Ky. 596, 277 S.W. 981.

Such processes as are employed by Eastern have been held by other jurisdictions not to be manufacturing. Curry Materials Company v. Oklahoma Tax Commission, Okl., 319 P.2d 292; Schumacher Stone Co. v. Tax Commission of Ohio, 134 Ohio St. 529, 18 N.E.2d 405, 120 A.L.R. 1199; Inhabitants of Leeds v. Maine Crushed Rock & Gravel Co., 127 Me. 51, 141 A. 73; Iowa Limestone Co. v. Cook, 211 Iowa 534, 233 N.W. 682; Cleveland-Cliffs Iron Co. v. Glander, 145 Ohio St. 423, 62 N.E.2d 94. Traditionally, courts of other jurisdictions have treated cleaning processes whose purpose is to isolate the article from impurities without advancing the raw material beyond a clean state or condition, as not amounting to manufacturing. Woolart Mills, Inc. v. United States, Cust.Ct., 269 F.Supp. 381; Hartranft v. Wiegmann, 121 U.S. 609, 7 S.Ct. 1240, 30 L.Ed. 1012. These cases pointed out that the raw material emerged from these processes in the same form and character as it entered initially without having been transformed into a new article having a distinctive name, character, or use from that of the original substance.

■ Some importance has been placed by other courts upon the complexity of the process used and the expensiveness of the equipment required for the processing; however, these factors are not determinative of what constitutes manufacturing. In a recent case on this subject, Commonwealth ex rel. Luckett v. WLEX-TV, Inc.,

Ky., 438 S.W.2d 520, we reaffirmed the proposition that:

" * * * 'it is not the number of processes or the various kinds of treatment through which the alleged manufactured article is subjected that determines the question, but rather the character and kind of article that is produced, after being so subjected, is the decisive fact.' * * * "

■ The record shows that the basic character and kind of material processed by Eastern remained the same throughout the process. The substance was coal when it was extracted from the mine and subjected to the processing, and it was coal at the conclusion of the processing. The North Carolina Court, in Duke Power Co. v. Clayton, 274 N.C. 505, 164 S.E.2d 289, concluded that general processes for the crushing, screening, and washing of coal did not amount to manufacturing.

■ The appellee places much reliance upon Commonwealth, for Use of Rockcastle County v. W. J. Sparks Co., 222 Ky. 606, 1 S.W.2d 1050, dealing with the crushing of stone into assorted shapes and sizes for use in road building. While the Sparks case is close in point, it is not direct precedent, and we decline to extend its application beyond the specific subject of the crushing and sizing of limestone. We choose rather to give full force here to the proposition, advanced by such cases as City of Louisville v. Ewing Von-Allmen Dairy Co., 268 Ky. 652, 105 S.W.2d 801, and Prestonsburg Water Company v. Prestonsburg Bd. of Sup'rs, 279 Ky. 551, 131 S.W.2d 451, that processes designed to remove impurities from raw materials while leaving the latter unchanged are not manufacturing processes within the tax-exemption statutes.

The judgment is reversed, with directions to enter a judgment in conformity with this opinion affirming the decision of the Board of Tax Appeals.

All concur.