Because of the posture of the case, this Court did not reach the merits of Darrell Latham's substantive argument that ACI and DOC do not have the authority to contract inmate labor to a private company to package products or to perform other functions in the production or readying of products for the private market. I do not purport to answer the question, but I do note that DOC is a statutorily created agency. See § 14-1-1.1, Ala. Code 1975. DOC's power is conferred by statute; it may exercise only those powers prescribed by statute. See Wright v. Aldridge,219 Ala. 632, 633, 123 So. 33, 34 (1929) (holding that the Alabama Board of Public Accountancy "is of statutory and limited power, and . . . has no powers other than those conferred by the statute of its creation, and, according to the general rule applicable, the exercise of these powers can only be invoked in the manner and mode prescribed by statute"). Additionally, "[a]n administrative agency cannot . . . contravene a statute." Ex parte Jones Mfg.Co., 589 So.2d 208, 210 (Ala. 1991) (citing Alabama State MilkControl Bd. v. Graham, 250 Ala. 49, 33 So.2d 11 (1947)). Thus, DOC and its subagency, ACI, must operate within the applicable bounds set by the Prison-Made Goods Act of Alabama, §§ 14-7-1 to -23, Ala. Code 1975, and any other applicable legislation.
I also note that the Prison-Made Goods Act authorizes DOC to use prison labor to manufacture articles or products "as may be needed for the construction, operation, maintenance or use of any office, department, *Page 824 
institution or agency supported in whole or in part by this state and the political subdivisions thereof." § 14-7-8, Ala. Code 1975. It specifically prohibits DOC from selling or offering to sell on the open market of this State any articles manufactured[15]
by prisoners. § 14-7-22(a), Ala. Code 1975.
DOC and ACI suggest that, even if they are not authorized under § 14-7-22, Ala. Code 1975, to contract with Wilson, they have the authority to do so under the statutory provision authorizing the Manual Labor Work Program, § 14-5-30 et seq. DOC is authorized under that article of the Code to create manual-labor programs: (1) to remove litter from the highways; (2) to clean unauthorized dumps and public cemeteries; (3) to grow food for prisoners' consumption or for sale to reduce costs of incarcerating prisoners; (4) to clean public parks or other municipal, county, or state property; and (5) to remove litter from private property. See §§ 14-5-30, -33, and -34, Ala. Code 1975. The list of authorized work generally falls into the category of cleaning public or private property or raising food.[16]
DOC also says that it was expressly authorized under § 14-3-47, Ala. Code 1975, to establish labor camps for prisoners and to direct prisoners to work at any site. I note that DOC is authorized "to direct inmates to work at any labor . . . except as provided otherwise by law," § 14-3-47(a), Ala. Code 1975.
While I reach no conclusion as to the propriety of DOC and ACI's contracting prison labor for the benefit of private businesses, I note that such a conclusion does not appear obvious, and I would not want the main opinion in this case to be misread as putting the imprimatur of this Court on DOC and ACI's practice.
[15] "Manufacture" is defined in Webster's Third NewInternational Dictionary of the English Language Unabridged 1378 (1993) as:
 "vt. 1: to make (as raw material) into a product suitable for use . . . 2a to make from raw materials by hand or by machinery . . . b: to produce according to an organized plan and with division of labor. . . ."
To "manufacture" implies a transformation; "`a new and different article must emerge'" and the "finished or ultimate product be integrated from the elements originally diverse in forms." Statev. Selma Foundry Machine Co., 276 Ala. 161, 165, 166,160 So.2d 1, 5 (1963). No article is "`considered manufactured until it has been put into condition for sale on the open market for the purpose for which it was intended to be used.'" Burke v.Stitzel-Weller Distillery, 284 Ky. 676, 145 S.W.2d 861, 863
(Ct.App. 1940) (emphasis omitted) (holding that although whiskey may be "manufactured" before being bottled, whiskey cannot be sold until it is bottled and that bottling must constitute a part of manufacturing to make whiskey ready for the final use for which it was intended).
[16] In interpreting a statute, this Court reviews the language of the statute and follows the ejusdem generis principle of construction that general words following an enumeration of specific items are construed to embrace objects similar to the objects enumerated by specific words. Ex parte Cobb,703 So.2d 871, 875-76 (Ala. 1996) (construing the phrase "deadly weapon" in § 13A-1-2(11), Ala. Code 1975, to include only things that are similar to the 12 listed weapons and holding that the human fist does not fall within that class). The ejusdem generis principle treats particular words as indicating a class and general words as extending to other nonenumerated objects embraced in that class. Sheffield v. State, 708 So.2d 899, 908 (Ala.Crim.App. 1997). *Page 825