## Whitelaw v. Burke, Tax Com'r, et al.

April 21, 1942.

Charles G. Middleton, Charles W. Milner, and Crawford, Middleton, Milner & Seelbach for appellant.

Lawrence S. Grauman, Smith & Leary and J. J. Leary for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This is a declaratory judgment proceeding, Sections 639a—1 to 639a—12, inclusive, of the Civil Code of Practice, instituted by Arthur K. Whitelaw in behalf of himself and others similarly situated to have determined the question of whether his annuity whereby he receives $1,875 monthly is taxable. Mr. Whitelaw was called upon by the Department of Revenue to assess his annuity but he declined to do so. Thereupon the Department instituted a back tax proceeding in the Jefferson county court to compel the assessment of the annuity for the years 1931 to 1939. The ruling in that court was against the Department, and it appealed to the Jefferson circuit court, where the action is now pending. Mr. Whitelaw instituted a declaratory judgment proceeding in the Franklin circuit court, which was dismissed for lack of jurisdiction, and then instituted this proceeding in a division of the Jefferson circuit court other than the one where the back tax action is pending. The back tax

proceeding involves the question of whether Mr. Whitelaw's annuity can be subjected to an ad valorem tax, and, if so, can accepted mortality tables be used in determining its value? The fundamental question in this action is the same. Taking the position that the rights of the parties could be and should be determined finally in the back tax action, the chancellor declined to take jurisdiction in this action and dismissed Mr. Whitelaw's petition. We are asked to take jurisdiction of the case and finally determine the rights of the parties, in so far as the assessment placed by the county tax commissioner upon Mr. Whitelaw's annuity for 1940 is concerned. Obviously, this would be determinative of the fundamental question in the back tax action, notwithstanding our rulings to the effect that each year's taxes constitute a separate cause of action and that a judgment in one year is not res judicata as to another year. Louisville Bridge Co. v. City of Louisville, 65 S. W. 814, 23 Ky. Law Rep. 1655.

Being of the opinion that the trial court properly declined to take jurisdiction of this action, we shall confine our consideration of the case to that question alone. The cases of Jefferson County v. Chilton, 236 Ky. 614, 33 S. W. (2d) 601, and Hunt-Forbes Construction Company v. City of Ashland, 250 Ky. 41, 61 S. W. (2d) 873, adequately set forth the position of this Court on determining questions in a declaratory judgment proceeding which are involved in other pending suits. Those cases set forth that the Declaratory Judgment Act was not designed for the purpose of determining procedural rules, or for the declaration of substantive rights involved in pending litigation, and that such decisions and declarations must be made in the first instance by the court whose power is invoked and which is competent to decide them. It can be said in this case, as in those, that the fundamental questions submitted to the Court can be decided by the trial court in the pending proceeding with a right of review in this Court after final determination in the court where the action is pending. See, also, Moore v. Louisville Hydro-Electric Co., 226 Ky. 20, 10 S. W. (2d) 466, and Oldham County v. Arvin, 244 Ky. 551, 51 S. W. (2d) 657.

It is earnestly insisted by Mr. Whitelaw that the case of Burke v. Stitzel-Weller Distillery, 284 Ky. 676, 145 S. W. (2d) 861, is authority for invoking the Declara-

tory Judgment Act to determine whether a specific item of property is liable for taxation. Since there is a misleading statement in the opinion in that case, we deem it advisable to set forth the manner in which the action originated. The opinion states that the bottling machinery of the distilling company was assessed by the local taxing authorities of Jefferson county at $3,000, and that the distilling company then brought an action under the Declaratory Judgment Act against the taxing authorities for a declaration of the rights of the parties wherein it insisted that its bottling machinery was used in the course of manufacturing whisky, and therefore exempt from local taxation. As a matter of fact, after the distilling company's bottling machinery had been assessed for $3,000, it and the tax commissioner and sheriff of Jefferson county instituted an ex parte proceeding and agreed upon the ''Submission of case for decision of actual controversy under the Declaratory Judgment Act.'' The petition· set forth an agreed statement of facts, as well as the contentions of the parties. The judgment set out that the case was submitted in chief on the petition, the statement of facts therein and the argument of counsel, and also that the machinery was not subject to taxation. It is at once apparent that the Burke case is not analogous to the case at bar, as there was no pending proceeding in another tribunal involved therein. Furthermore, the question of the appropriateness of proceeding under the Declaratory Judgment Act was not raised. Whether we should or should not have declared the rights of the parties in the Burke case is beside the point, in so far as Mr. Whitelaw's case is concerned, because, as we have indicated, there is now pending in another division of the Jefferson circuit court an action involving the principal question involved in this proceeding.

It follows from what has been said that it is our view that the judgment should be and it is affirmed.

Whole Court sitting.