# Heyser et al. v. Brown et al.

Jan. 9, 1945.

J. Ballard Clark, Leslie W. Morris and Marion Rider for appellants.

Eldon S. Dummit, Attorney General, and Wallis M. Bailey, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellants, who conduct separate businesses in Oldham County, were cited by appellee, Alcoholic Beverage Control Board, to appear before it on September 7, 1944, to show cause why their licenses to sell beer should not be suspended or revoked for violating KRS 243.280, as amended by Chapter 154 of the Acts of the General Assembly of 1944, Section 34, p. 344, and the Board's Regulation LCB 5 adopted in pursuance of the amendment. On September 5, 1944, appellants instituted this action under the Declaratory Judgment Act (Sections 639a—1 to 639a—12, inclusive, of the Civil Code of Practice), seeking a declaration by the Court that Regulation LCB 5 is invalid; an injunction prohibiting appellees from attempting to enforce the regulation was prayed. The Chancellor dismissed the petition.

KRS 243.480 to 243.590, inclusive, provide for the

suspension and revocation of licenses issued by the Alcoholic Beverage Control Board, and appeals from such orders to the Circuit Court and the Court of Appeals. KRS 243.580 (3) provides: "No court may enjoin the operation of an order of revocation or suspension pending an appeal. * * *"

Since the courts are prohibited from enjoining the operation of an order of suspension or revocation, it is obvious the Legislature intended that the jurisdiction conferred on the Board should not be interfered with, after proceedings for suspension and revocation shall have been instituted in the manner provided by statute. Even if the statute were silent on the question, the extraordinary remedy of injunction will not be granted for the protection of alleged rights, where the litigant seeking the injunction has an adequate remedy at law. Commercial Credit Co., Inc., v. Martin, etc., 275 Ky. 548, 122 S. W. 2d 135; Gregory et al. v. Crain, 291 Ky. 194, 163 S. W. 2d 289. The legal remedy of appeal is adequate to preserve the rights of appellants, in the event the action of the Board is unfavorable to them.

This opinion should not be construed to hold that a licensee under the Alcoholic Beverage Control Act may not seek a declaration of his rights previous to conducting his business in a manner prohibited by a regulation of the Department; but, after the Board has acquired jurisdiction of the question by citing the licensee for a violation, the latter may obtain relief only in the manner prescribed by statute. That being true, the Chancellor properly dismissed appellants' petition.

The judgment is affirmed.