## Black et al. v. Utter et al. (two cases).

Nov. 13, 1945.

A. T. W. Manning for appellants.

James Park for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

The appeals are from two judgments of the Franklin circuit court in separate actions, in each of which the parties were the same, Black being plaintiff below in each case. Black, by procedure under Declaratory Judgment Act, Civil Code 639a—1-12, sought to have the court declare his and appellees' rights, and the duty of the Director of Motor Transportation, in matters relating to competitive operation of busses, over Highway 80, and other highways between Manchester and Hyden, and London and Manchester.

Briefly, Black operating between the two points under an unquestioned certificate, though charged with a violation of its restrictive terms as to one of the named operations, contends that during the time Short Ways was an incorporation it held certificate (issued in 1942) for operation between Manchester and Hyden, but that it lost its rights because of failure to operate within a period of 60 days, KRS sec. 281.190(3). Straight Creek Bus Co. v. Saylor, 299 Ky. 309, 185 S. W. 2d 253. In 1943 Short Ways, Inc., was dissolved, and the stockholders formed a partnership operating under the name "Short Ways Lines." Soon after dissolution its certificate was transferred to the partnership; the transfer was approved by the then Director of Motor Transportation, and renewed from time to time, with frequent stays of operation because the holder failed to get operating orders from O.D.T., a government agency. Black had filed petition with the Kentucky Division, in December of 1944, to cancel Short Ways' certificate.

Black, under these circumstances, asked the court in his petition to declare that Short Ways had lost all rights to operate because of failure to begin business within 60 days of the permit; to hold that the corporation had no right to transfer its certificate to partnership, and if they had the right it had nothing to transfer, and that the transfer was invalid because of lack of notice and hearing, KRS sec. 281.110. The partnership contended to the contrary, first, that the ruling in the Straight Creek case, supra, did not apply; that the stays of operation kept the certificate alive; that the transfer by the corporation was legal and effective, it having time under the laws of the State of its incorporation to wind up its affairs and transfer its assets. They also plead estoppel against Black, because of renewal of its certificate for

certain years; he had knowledge of Short Ways' application to a government agency to approve the transfer, and had continued to do business with it during the periods.

All the contentions, which had at times been and were pending before the Division, were merged in an answer of Short Ways. It said that in order to remove all doubt as to the validity of certificate No. 275 application was made by Short Ways, Inc., and the partnership to the Division for a hearing, and for approval of the permit and its transfer. Black appeared and protested, but it is stated that the Director being in doubt as to his duties under the premises, and the rights of the parties did not act, but joined with parties in asking the court to declare rights and duty.

The chancellor upon submission of the cases declined to take jurisdiction of either, on the apparent ground that his court, under the law, was one of review and that the Division of Motor Transportation was vested with exclusive power to determine the questions presented and pending.

The statutes, Sec. 281.180 et seq., vests the Division of Motor Transportation with power to hear all matters concerning the operation of motor vehicles under its certificate of convenience and necessity, and provides how appeals may be taken from its orders to the Franklin circuit court, thence to this court. There are two rules applicable here: It is generally considered that the court has a discretion in exercising power to adjudge in Declaratory Judgment cases. 16 Am. Jur. p. 287. Civil Code sec. 639a—6, allows the court to decline to exercise its power, where the declaration is not necessary or proper at the time "under all the circumstances." The rule is also that a court will not take jurisdiction to render a declaratory judgment where another statutory remedy has been especially provided for the character of case presented, nor where the purpose is to affect proceedings which may be taken or pending before a public board which is vested with full power to act in the premises. 16 Am. Jur. p. 295. We have recently, and very specifically, applied the rule in Heyser v. Brown, 299 Ky. 82, 184 S. W. 2d 893, (Alcoholic Beverage Control) as well as in the earlier cases of Whitelaw v. Burke, 290 Ky. 372, 161 S. W. 2d 595; Stearns Coal & Lumber Co.

806

v. Unemployment Compensation Comm., 285 Ky. 249, 147 S. W. 382; Moore v. Louisville Hydro Electric Co., 226 Ky. 20, 10 S. W. 2d 466, (Workmen's Compensation); Oldham County v. Arvin, 244 Ky. 551, 552, 55 S. W. 2d 657; City of Ashland v. Beckham, Com., 271 Ky. 96, 111 S. W. 2d 575, (Motor Transportation). Under these authorities we are of the opinion that the court properly declined to declare rights or duties and dismissed both petitions.

Judgment affirmed.