**W. A. V. E., Inc. v. CITY OF LOUISVILLE et al.**

Court of Appeals of Kentucky.

May 2, 1952.

---

Hubert T. Willis, Middleton, Seelbach, Wolford, Willis & Cochran, all of Louisville, for appellant.

Gilbert Burnett, Henry Merritt, Louisville, for appellees.

Wilson W. Wyatt, Robert L. Sloss, Wyatt, Grafton & Grafton, all of Louisville, As Amicus Curiae."

Clinton M. Harbison, Lexington, As Amicus Curiae.

COMBS, Justice.

The sole question presented by the pleadings and stipulation in this case is whether a television tower owned by W. A. V. E. in the City of Louisville is exempt from local taxation by KRS 132.200. The trial court held it is not exempt, and W. A. V. E. has appealed.

The statute, so far as applicable, reads:

"All property subject to taxation for state purposes shall also be subject to taxation in the county, city, school or other taxing district in which it has a taxable situs, except \* \* the following classes of property, which shall be subject to taxation for state purposes only:

\*　　\*　　\*　　\*　　\*　　\*

"(4) Machinery and products in course of manufacture, of individuals or corporations actually engaged in manufacturing, and their raw material actually on hand at their plants for the purpose of manufacture. Individuals or corporations actually engaged in the printing, publication and distribution of a newspaper or operating a job-printing plant shall be deemed to be actually engaged in manufacturing."

The tower consists of three large metal rods, which are spread apart and fastened to concrete slabs at the base and which converge at the top, approximately 570 feet above the ground. It is located on land adjoining the building in which is located W. A. V. E.'s studio, but is not connected to the building except by cables used in the transmission of electrical current and electromagnetic waves. The technical aspects of the televising process are described in a stipulation which is part of the record. It is unnecessary for our purpose to delve into the technical features of the process. It may be stated in nontechnical terms that a television picture is reflected on a receiving set when the set picks up and reconverts into light rays the electromagnetic waves which have been radiated from an antenna on a television broadcasting tower. We gather from the pleadings, exhibits, and stipulation that the only function the tower serves is to act as a support for the antenna and the cable which connects it with the television studio. We quote from the stipulation:

"The processed electromagnetic waves are conducted from the transmitter last mentioned to co-axial cables which run through the building to the television tower and then up the tower to the antenna on the top of it, which is some 570 feet high. The tower itself performs no independent electrical function but acts as a support for the cable and antenna."

We are of the opinion the tower, which merely acts as a support for the cable and antenna which are used for transmission purposes, is not property used in the process of assembling the electromagnetic waves. The case is analogous to Kentucky Electric Co. v. Buechel, 146 Ky. 660, 143 S.W. 58, 38 L.R.A.,N.S., 907, where it was held that electric light poles used as support for transmission wires were not part of the property used by the electric company in the manufacture of electricity.

Although the judgment of the trial court is predicated on other grounds, we think the judgment is correct for the reasons stated above.

The judgment is affirmed.