### COAL OPERATORS CASUALTY CO. v. ABSHIRE et al.
### No. 333.

United States District Court
E. D. Kentucky, Pikeville Division.
March 18, 1953.

C. W. Swinford of Stoll, Keenon & Park, Lexington, Ky., for plaintiff.

Abner May, Pikeville, Ky., for defendants, Arthur Abshire and Ferd Ball.

Francis M. Burke and F. Dale Burke, Pikeville, Ky., for defendants Henry Varney, Cecil Hunt and Carlos R. Kitchen.

SWINFORD, District Judge.

This is an action for a declaratory judgment under Section 274(d) of the Judicial Code as amended, 28 U.S.C.A. §§ 2201, 2202.

The case is before the court on the defendants' motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute an action at law under the provisions of the Declaratory Judgment Act.

The requisite jurisdictional facts as to diversity of citizenship and amount in controversy are sufficient.

The complaint sets forth the following facts: that the plaintiff was authorized to issue contracts or policies of insurance under the Workmen's Compensation Law of the State of Kentucky; that on March 28, 1950 it issued a Workmen's Compensation policy to the defendants, Arthur Abshire and Ferd Ball, partners, doing business as A & B Coal Company; that this policy was renewed on March 28, 1951 and again on March 28, 1952; that the original and all renewals of the policy were issued to the same named assureds, Arthur Abshire and Ferd Ball.

It is further alleged that sometime prior to July 15, 1952 the plaintiff made adjustment with certain of the employees of the A & B Coal Company, began paying claims and paid out the sum of $1719.37; that the defendants being, namely, Henry Varney, Cecil Hunt and Carlos R. Kitchen, employees of the A & B Coal Company, now have pending unpaid claims aggregating $4,827.80.

The complaint further alleges that, without notice to the plaintiff, the A & B Coal Company dissolved partnership, simultaneously therewith organized the A & B Coal Company, Inc., a corporation, and continued to operate the property formerly operated by the A & B Coal Company; that the plaintiff had no knowledge of the dissolution of the partnership and it did not issue to the corporation any policy or contract of insurance.

The plaintiff prays for a declaration of its rights and for the court to adjudge that it did not have in effect any policy of insurance with the A & B Coal Company, Inc. at any time and that it is not liable for the payment of the unpaid balance due the defendants, Henry Varney, Cecil Hunt and Carlos R. Kitchen; that if it should be adjudged liable for the payment of these amounts that it recover from Arthur Abshire and Ferd Ball the sum of $4,510.86 which is the balance due for premiums.

By this motion there is presented to the court the single question of whether or not a federal court should entertain jurisdiction of a declaratory judgment action brought by an insurance company that had mistakenly insured an employer as a partnership when in fact it was a corporation. It should be pointed out that the insurance was written on March 28, 1952 at a time when inquiry on the part of the plaintiff would have revealed the fact that the employer was no longer a partnership but had incorporated on October 9, 1951. A consideration of this question, of course, presents the pertinent issue of this court assuming jurisdiction of a case involving the rights of the parties under the insurance policy where employees asserted claims that had been honored by the insurer and partially paid. All of which

was done in accordance with the provisions of the Kentucky Workmen's Compensation Law.

Should this court take jurisdiction or under the state of facts disclosed by the allegations of the complaint does the Workmen's Compensation Board have exclusive jurisdiction?

In the case of Ohio Casualty Insurance Company v. Farmers Bank of Clay, Kentucky, 178 F.2d 570, the Court of Appeals for the Sixth Circuit pointed to the fact that the power to grant declaratory relief in an appropriate case having been conferred upon federal courts by Congress, such relief is not lightly to be denied. In support of this statement the opinion cites the case of Maryland Casualty Company v. Faulkner, 6 Cir., 126 F.2d 175, 178. This is a recognized interpretation of the law and it may be said that it expresses the attitude of courts generally as they are inclined, in more recent years, to accept jurisdiction on a literal interpretation of the wording of the statute which provides that jurisdiction attaches "in a case of actual controversy". There can be no question but that there is an actual controversy alleged by the complaint in the case at bar.

However, I am of the opinion that there are other legal principles which must be considered and that this question of jurisdiction cannot be determined solely on the fact that there is an actual controversy.

It has been held that a court will not take jurisdiction where another statutory remedy has been especially provided for the character of case presented, if the effect woud be to interfere with the right of the parties to appeal to the court given jurisdiction in that particular matter by the statute. Such a case is one which affects the time for which an employee is entitled to compensation under the Workmen's Compensation Law. 16 Am.Jur., Page 295, Section 21.

The Kentucky Court of Appeals in the case of Mary Helen Coal Corporation v. Hensley, 237 Ky. 348, 35 S.W.2d 533, stated that the Workmen's Compensation Board had exclusive original jurisdiction over claims within the purview of the Act.

Section 342.325 KRS provides that:

"All questions arising under this chapter, if not settled by agreement of the parties interested therein, with the approval of the board, shall be determined by the board except as otherwise provided in this chapter."

In the case now before the court not only are the legal rights of the insurer and the insured employer in question but also the rights of the employees who were drawing compensation at the time this action was instituted.

If a federal court is to assume jurisdiction and require injured employees to litigate their claims at a place, very likely, far distant from the scene of the accident, under circumstances such as those presented by this record, then the whole purpose of the Workmen's Compensation Law will be defeated. It is true that the plaintiff should be entitled to a declaration of its rights and a determination of whether or not it is liable to the employees of a corporation which it had insured as a partnership; but upon the determination of that question rests the rights of the employees, who have in effect been adjudged entitled to compensation under the policy, to recover. Such a question goes to the merits of the case and is a legal question which can be and should be, under the law, determined by the Workmen's Compensation Board whose judgment is subject to review by a court of competent jurisdiction as provided by the terms of the statute.

In the case of Moore v. Louisville Hydro-Electric Company, 226 Ky. 20, 10 S.W.2d 466, our Kentucky Court of Appeals said:

"It has been often written that the Workmen's Compensation Law is in the nature of an arbitration, and was intended to provide a simple and speedy method whereby employees might be compensated for injuries received. The entire mechanics of the law shows that it was the legislative intent to vest exclusive, original jurisdiction to hear and determine matters within the purview of the act in the Workmen's Compensation Board."

It has been pointed out in numerous Kentucky cases in which the question of juris-

diction in declaratory judgment cases was involved that the court should not take jurisdiction where the purpose of the Act is to affect proceedings which may be taken or pending before a board vested to act with power in the premises. See the case of Black v. Utter, 300 Ky. 803, 190 S.W.2d 541, and cases cited in that opinion.

· The plaintiff, in urging that the motion to dismiss be overruled, relies on the case of American Fidelity & Casualty Co. v. Igo, D. C., 22 F.Supp. 393. In that case the plaintiff was seeking a declaration of rights under an automobile liability insurance policy and the jurisdiction was sustained on the strength of a decision of the Supreme Court in the case of Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617. Clearly the question in the instant case, involving exclusive rights of an administrative board to pass on questions affecting the merits of workmen who had already sustained injury, was not involved. It is this distinguishing feature which is the crux of the question to be decided.

I am of the opinion that the motion to dismiss the complaint should be sustained and an order to that effect is this day entered.