IROQUOIS POST NO. 229, AMERICAN LEGION, Department of Kentucky, Appellant,

v.

CITY OF LOUISVILLE et al., Appellees.

Court of Appeals of Kentucky.

May 6, 1955.

Raymond C. Arny, J. Allen Sherman, Paul L. Humphrey, Louisville, for appellant.

S. M. Russell, Francis M. Thompson, Louisville, for appellees.

CULLEN, Commissioner.

Iroquois Post No. 229, American Legion, Department of Kentucky, brought action under the Declaratory Judgment Act, KRS 418.040, against the City of Louisville and its tax receiver and law director, seeking a declaration that the post is an institution of purely public charity within the meaning of section 170 of the Constitution of Kentucky and as such its property is exempt from taxation by the city. The defendants filed a motion to dismiss, under CR 12.02, on the ground that the complaint failed to state a claim upon which relief could be granted. The court ruled that KRS 132.-450(3) and 133.120 provide to the plaintiff "a clear and adequate administrative remedy and appeal therefrom, disentitling it to the extraordinary relief sought in this action." Accordingly, the court dismissed the complaint. The post has appealed.

In a number of cases which have reached this Court, the question of whether certain property was exempt from taxation has been litigated under the Declaratory Judgment Act, or through the submission of an agreed case under former section 637 of the Civil Code, now KRS 418.020, or through a suit for an injunction. See Burke v. Stitzel-Weller Distillery, 284 Ky. 676, 145 S.W.2d 861; City of Louisville v. Presbyterian Orphans Home Society, 299 Ky. 566, 186 S.W.2d 194; Kesselring v. Bonnycastle Club, 299 Ky. 585, 186 S.W.2d 402; Todd County v. Bond Bros., 300 Ky. 224, 188 S.W.2d 325; W. A. V. E., Inc. v. City of Louisville, Ky., 248 S.W.2d 701; United Shoe Machinery Corp. v. Mc-Cracken County, Ky., 265 S.W.2d 929. Only in the Todd case was any question raised as to the propriety of the procedure, and in that case it was held that the circuit court properly assumed jurisdiction under the Declaratory Judgment Act. However, in Whitelaw v. Burke, 290 Ky. 372, 161 S.W.2d 595, it was pointed out that a taxpayer cannot resort to the Declaratory Judgment Act to determine a question of exemption from taxation if the question already is pending in proceedings instituted under the statutes governing review of tax assessments.

In CR 57 it is provided that "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." It is only where a special statute is clearly intended to provide an exclusive remedy that relief under the Declaratory Judgment Act is not available. See Moore v. Louisville Hydro-Electric Co., 226 Ky. 20, 10 S.W.2d 466; Black v. Utter, 300 Ky. 803, 190 S.W.2d 541. We find nothing in KRS 132.450(3) or 133.120 to indicate a clear intention of the legislature that the statutory procedure for review of tax assessments shall be the exclusive method for determining whether property is exempt from taxation.

It seems to us that the Declaratory Judgment Act furnishes a speedy, simple procedure for determining questions of exemption from taxation, much more adequate than the statutory review procedure. Since the question of exemption is one peculiarly

judicial, in the ordinary case the question ultimately would reach the courts anyway, and the intervening appeals to the local board of tax supervisors and to the State Tax Commission, required by KRS 133.120, would be mere formalities, delaying the ultimate judicial determination.

■ It is our opinion that the circuit court erred in not accepting jurisdiction of this case under the Declaratory Judgment Act.

■ It appears from the briefs that some question was raised in the lower court as to whether the county tax commissioner should have been made a party defendant, because of the fact that the City of Louisville, in accordance with KRS 132.285, has adopted the assessments of the county tax commissioner. However, we do not find any motion appropriately raising the question. Upon remand of the case, if an appropriate motion is made, the court should order that the county tax commissioner be made a party, in view of the fact that his interests may be affected by the declaration. KRS 418.075.

The judgment is reversed, for proceedings in conformity with this opinion.