**CITY OF LOUISVILLE, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

June 18, 1971.

James E. Thornberry, Stuart E. Alexander, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Frankfort, Randolph A. Brown, Robert A. Beck, Louisville, Don Duff, General Counsel, Jarvis Allen, Dept. of Highways, Frankfort, for appellee.

DAVIS, Commissioner.

The City of Louisville and Louisville Water Company, Inc., as plaintiffs, brought this action against the Department of Highways of the Commonwealth, seeking a declaration of rights which would determine the respective financial responsibilities of the parties for the expense of relocating six fire hydrants and the installation of five new fire hydrants. The relocation of the six hydrants and the installation of the five new hydrants were allegedly made necessary by reason of new highway construction undertaken by the Department. The parties entered into a detailed written agreement in which it was provided that the hydrant facilities would be removed to facilitate highway construction, and without prejudice to the rights of the parties in seeking judicial determination of their respective legal responsibilities in the premises.

The Department's motion to dismiss for failure to state a claim was sustained as to Louisville Water Company, Inc. No complaint is presented as to that action of the trial court. Some three years after that order was entered, the trial court entered

an order dismissing the claim of the City of Louisville because the complaint, as amended, "fails to state a cause of action upon which relief may be granted." This appeal seeks reversal of that ruling.

It is the appellant's contention that it alleged a bona fide justiciable controversy entitling it to a declaration of rights pertaining to an important public question. It calls attention to CR 8.01 respecting the "notice" feature of pleading under the Civil Rules. Reliance is also had upon KRS 418.040 and 418.045 which authorize declarations of rights in circumstances such as those present here. Attention is also directed to Iroquois Post No. 229, American Legion v. City of Louisville, Ky., 279 S. W.2d 13, for the proposition that the declaratory judgment procedure is appropriate here. Appellant takes the position that the trial court did not undertake to declare the rights of the parties. It argues that the allegations of its complaint, as amended, clearly entitled it to a declaration of rights regardless of how those rights might ultimately be adjudicated.

Opposing this, the Department takes the view that the law does not permit appellant to recover from the Department in these circumstances; hence, the court's ruling is equivalent to a declaration of rights to that effect. In short, the Department states that the trial court has ruled that appellant cannot recover, so there is nothing more to "declare."

Since an important public question is involved, the court is unwilling to accept the theory advanced by the Department. The appellant has not briefed the merits of its claim, but has contented itself by relying upon its argument that a full declaration of rights was appropriately sought and erroneously denied. It is the view of this court that a declaration of rights should be made so that the parties will be apprised of the trial court's ruling and the reasons supporting it. In this way, meaningful appel-

late review may be sought concerning the merits of the controversy.

The judgment is reversed for further proceedings consistent with the opinion.

All concur.