Hon. Richard H. LEWIS, Commissioner, Department of Alcoholic Beverage Control; Hon. Edward A. Farris, Distilled Spirits Administrator; and Hon. John C. Crimmins, Malt Beverage Administrator, etc., Movants,

v.

William SMOTHERS d/b/a Jane Todd Inn, Respondent.

Court of Appeals of Kentucky.

Jan. 20, 1984.

Catherine C. Staib, Alcoholic Beverage Control Bd., Frankfort, for appellant.

William S. Young, Frankfort, for appellee.

Pam Johnson, Frankfort, for amicus curiae, Marion County Ministerial Ass'n.

Before DUNN, McDONALD and WIL-HOIT,* JJ.

McDONALD, Judge.

This case is before the Court on motion by the Department of Alcoholic Beverage Control for relief under CR 65.07 from a temporary injunction of the Franklin Circuit Court. The injunction prevented the Department from enforcing the Department's order revoking the respondent's malt beverage license. The respondent appealed the revocation to the Franklin Circuit Court pursuant to K.R.S. 243.560. On October 26, 1982, the circuit court granted the temporary injunction to prevent enforcement of the revocation order until the appeal process before the circuit court had been exhausted.

The circuit court's order clearly violates K.R.S. 243.580(3) which states:

(3) No court may enjoin the operation of an order of revocation or suspension pending an appeal. If upon appeal to the Franklin Circuit Court an order of suspension or revocation is upheld, or if an order refusing to suspend or revoke a license is reversed, and an appeal is taken to the Court of Appeals, no court may enjoin the operation of the judgment of the Franklin Circuit Court *pending the appeal.* [Emphasis ours.]

The respondent alleges, and the circuit court found, that the statute quoted above is unconstitutional as an improper legislative intrusion into the inherent powers of the judiciary.

The constitutionality of that statute is the sole issue presented for decision at this time. Because we believe the statute is constitutional, we ORDER the motion for CR 65.07 relief be GRANTED, and the temporary injunction entered by the circuit court on October 26, 1982, be VACATED.

■ Our reasons are as follows: It appears that years of litigation over various departmental enforcement actions have failed to produce a decision of precedential value on this issue. Dicta in various opinions from the state's highest court are conflicting. Nevertheless, we feel somewhat constrained by the fact that the Court of Appeals (when it was Kentucky's court of last resort) cited the questioned statute as controlling in several instances.

Of particular interest is *Heyser v. Brown,* 299 Ky. 82, 184 S.W.2d 893 (1945), in which the court cited the statute as sufficient authority to support a chancellor's dismissal of a declaratory judgment and injunction action before the Oldham Circuit Court. Although the *Heyser* case is distinguishable from the case at hand in that the issue of constitutionality was not raised and the *Heyser* case was not an appeal from a departmental order, the court's reliance on the statute is strongly persuasive. Kentucky's highest court has relied on the *Heyser* case for the proposition that statutory administrative procedures are exclusive when they apply and a court may not use its equity powers to circumvent the statute. *Black v. Utter,* 300 Ky. 803, 190 S.W.2d 541 (1945); *Goodwin v. City of Louisville,* 309 Ky. 11, 215 S.W.2d 557 (1948).

Also, examination of the statute convinces us of its constitutionality. K.R.S. 243.580 is a valid portion of the legislative scheme for the regulation of alcoholic beverages.

The public demands strict control of and compliance with laws dealing with alcoholic beverages. There is nothing more destructive in our society than the abuse of alcohol. It has caused more suffering, mental and physical, and death than any other social or medical disorder. Unregulated and uncontrolled, it can have the effect of a dreaded plague. For these reasons, our legislature has a special and unique responsibility in the laws it enacts in this area.

This is not new thought. We find in 48 C.J.S. *Intoxicating Liquors* § 21 (1981), this statement:

Although the liquor business is not inherently unlawful, it has been held that it is not a lawful business except as authorized by legislation of the state. The liquor business is different from ordinary

* Judge Wilhoit substituting for Judge White.

business and it is in a class by itself. Since it is affected with a public interest, and is a source of danger to the community, it is subject to strict control. The power to control trafficking in alcoholic beverages and to prescribe the limits of the exercise in a field where absolute prohibition is possible is an attribute of sovereignty.

Our highest court, in *Alcoholic Beverage Control Board v. Woosley*, Ky., 367 S.W.2d 127 (1963), said:

> The manufacture and sale of alcoholic beverages is a commercial activity which by nature requires extensive administrative supervision. The "liquor business" has long been recognized as being in a class by itself, subject to strict regulation and broader discretionary administrative control than other lawful occupations.

Here, the legislature appears to have felt that enforcement would be inhibited if the penalties imposed by the ABC Board could be suspended while an appeal was considered by the Franklin Circuit Court. A disciplined licensee would have no reason to rush such an appeal and could, to an extent, manipulate the timing of the imposition of the penalties to minimize the effect of the penalties. During this period of time innocent persons could suffer injury while the disciplined licensee is allowed to operate during the appeal process.

We conclude that K.R.S. 243.580 is not procedural in nature as the movants argue. It is a matter of substantive law. The statute does not offend Sections 27 and 28 of the Kentucky Constitution regarding separation of powers because, in defining the substantive law, the legislature may deny the use of equitable remedies.

For the reasons stated above, the Department's motion for CR 65.07 relief is GRANTED, and the injunction entered by the Franklin Circuit Court on October 26, 1982, is VACATED.

WILHOIT, J., concurs and files a separate opinion.

DUNN, J., dissents.

WILHOIT, Judge, concurring.

I concur in Judge McDonald's opinion that K.R.S. 243.580(3) does not violate the Kentucky Constitution as being an encroachment on the inherent authority of the courts in matters procedural. Here we are dealing with a statutory appeal from an administrative agency and not with an independent action originating in the Court of Justice. In such situations the Civil Rules themselves acknowledge that "procedural requirements of the statute shall prevail over any inconsistent procedures set forth in the Rules." CR 1(2). This statute could hardly constitute an encroachment upon the procedural authority of the judicial branch in a situation where by its own Rules that branch of government has elected to defer to the legislative.

DUNN, Judge, dissenting:

Here, the circuit court granted the temporary injunction to prevent enforcement of the revocation until the appeal process before the circuit court had been exhausted.

The circuit court's order clearly violates K.R.S. 243.580(3) which states in reference to appeals from the Alcoholic Beverage Control Board's orders:

> (3) No court may enjoin the operation of an order of revocation or suspension pending an appeal. If upon appeal to the Franklin Circuit Court an order of suspension or revocation is upheld, or if an order refusing to suspend or revoke a license is reversed, and an appeal is taken to the Court of Appeals, no court may enjoin the operation of the judgment of the Franklin Circuit Court pending the appeal.

The respondent alleges, and the lower court found, that the statute is unconstitutional. All parties agree that the constitutionality of the statute is the sole issue presented for decision.

The facts of this case do not present it as an ideal case to test this constitutional issue. Here the Board's order that is being abated pending appeal is one of revocation, more than substantially supported and jus-

tified by the evidence before the Board. The likelihood of the appellant license holder ultimately succeeding on appeal from the order is more remote. If there was error on the part of the trial court, it was in the area of abuse of discretion in abating the order in the first place, not in the area of the statute's constitutionality.

That is beside the point, however. The parties' agreement prohibits us from dealing with the factual merits of this case and confines us to the sole consideration of the question of the statute's constitutionality. This we are obliged to do jurally and dispassionately. I shall attempt to do so. It is addressed by a determination as to whether or not its prohibition against injunctive relief pending appeal is a legislative encroachment on the powers of the judicial branch of our government. I believe that it is and offends sections 27, 28, 109 and 116 of the Kentucky Constitution. I, therefore, would order that the motion for CR 65.07 relief be denied.

In *Commonwealth v. Schumacher*, Ky. App., 566 S.W.2d 762 (1978), this court stated and held:

Section 109 of the Kentucky Constitution ... vests the judicial powers of this Commonwealth exclusively in one Court of Justice headed by a Supreme Court. Under Section 116 of the Constitution the Supreme Court only has the power to prescribe rules governing appellate procedure and jurisdiction for the entire court of Justice .... Therefore, when the legislature ... attempts to establish rules of appellate procedure, it is contrary to the dictates of the Constitution.

*See also McCoy v. Western Baptist Hospital*, Ky.App., 628 S.W.2d 634 (1981); *Arnett v. Meade*, Ky., 462 S.W.2d 940 (1971).

No one challenges the rule that, where the right of appeal is conferred by statute, the statutory provisions for perfecting the appeal are to be strictly applied. We should also recognize that, as the majority in its opinion state, in defining the substantive law, the legislature may deny the use of equitable remedies. But once it provides an appellate remedy and the statutory ad-

ministrative proceeding has ended and the statutory appeal to the courts has been perfected, the civil rules come into play and the procedural requirements of the statute cease. *Board of Adjustment of City of Richmond v. Flood*, Ky., 581 S.W.2d 1 (1978). The governing law at this point is then procedural, not substantive. After all, the governing rules are called rules of civil procedure, not rules of civil substance.

A court having jurisdiction to render a judgment has the authority to make such orders and issue such writs as may be necessary and essential to carry the judgment into effect and render it binding and operative. 42 Am.Jur.2d *Injunctions* § 12 (1969). *See also* 20 Am.Jur.2d *Courts* § 101 (1965).

In this regard, prior to the adoption of our modern rules of civil procedure, our then Court of Appeals in *Commonwealth v. Furste*, 288 Ky. 631, 157 S.W.2d 59 (1941), in referring to *Burton v. Mayer*, 274 Ky. 263, 118 S.W.2d 547 (1938), stated at p. 62:

We also repudiated in that opinion the right of the Legislature to annul and supplant the inherent power of courts to make their own rules for the enforcement of their judgments, by the enactment of legislative rules so as to control the courts in their administration of their judicial functions. Hence, it was also said in that opinion that "The courts accept legislative *co-operation* in rendering the judiciary more effective. They deny the right of legislative dominance in matters of this kind." Following that pronouncement we further said therein: "So long as the rules of practice fixed by the Legislature accord with the proper and effective administration of justice, they should be, and they are, followed to the letter. No other rule will accord with the duty of each of the three branches of government so to co-ordinate its administration as to carry into effect the purposes of the Constitution. Where, however, a situation arises in which the administration of justice is impaired or the general rules of practice are unworkable, the duty undoubtedly rests on the courts to draw upon the reserve of their inherent power,

not in the assertion of a domination over other co-ordinate branches of government, but in co-operation with the legislative and executive branches to carry out the purposes of the Constitution."

Our Supreme Court has recognized this inherent power of the courts by adopting CR 65.04(1) which includes a provision for injunctive relief during the pendency of an action in cases where the acts of the adverse party will tend to render a final judgment ineffectual.

Such is always the case in an order of suspension or revocation of a license—particularly so if the suspension or revocation is for a brief period of time which is not the case here. If a circuit court is unable to stay an order of the Board revoking a license pending appeal from such order, the right of statutory appeal from the order and to a judicial review of it would be rendered illusory, nugatory and of empty consequence to a party aggrieved by it.

This inherent power has additionally been recognized by our Supreme Court in providing in CR 65.07 that the grounds for the interlocutory relief afforded by it pending appeals in this court are the same as those specified in CR 65.04(1).

Clearly, both from the meaning and effect of the statute and, we hesitatingly might add, from the very language used in the statute, "No court may enjoin," we should conclude that the provisions of K.R.S. 243.580(3) are a blatant and seemingly deliberate legislative encroachment on the power of the judicial branch of our government, and are, therefore, unconstitutional.

I agree with the view in the majority opinion that much mischief could result if the legislature did not have strict control of and compliance with laws dealing with alcoholic beverages. Public opinion demands it and rightfully so.

However, greater mischief could result if we ignore constitutional safeguards that protect not just those guilty of mischief or potentially so but also protect the innocent who are unjustly charged who could become victims of a greater mischief in an unconstitutionally regulated and controlled government. Upholding constitutional principles for miscreant citizens who flout the law guarantees those same principles for good citizens who uphold and follow the law.

The Board's motion for CR 65.07 relief should be denied.