RENDERED:  JUNE 14, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1619-MR

THE SOLOMON FOUNDATION                                    APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE LUCY ANNE VANMETER, JUDGE
ACTION NO. 19-CI-01991

DAVID O'NEILL IN HIS OFFICIAL
CAPACITY AS THE FAYETTE
COUNTY PROPERTY VALUATION
ADMINISTRATOR; AND
COMMONWEALTH OF KENTUCKY
DEPARTMENT OF REVENUE                                     APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; A. JONES AND McNEILL, JUDGES.

McNEILL, JUDGE:  The Solomon Foundation ("TSF") filed a declaratory

judgment action in Fayette Circuit Court seeking a declaration that it is exempt

from ad valorem property tax under Section 170 of the Kentucky Constitution.

The circuit court dismissed TSF's complaint, finding it lacked subject matter

jurisdiction because TSF failed to exhaust its administrative remedies before pursuing judicial relief. We affirm.

TSF is a Colorado nonprofit corporation that supports Restoration Movement Christian Churches and Churches of Christ. It owns property in Fayette County that it leases to Centerpointe Christian Church. In 2018, TSF filed an application for exemption from property taxation with the Fayette County Property Valuation Administrator ("PVA") which was denied. TSF appealed the PVA's denial to the Fayette County Local Board of Assessment Appeals pursuant to KRS[1] 133.120.

While the administrative appeal was pending,[2] TSF filed a declaratory judgment action against the Kentucky Department of Revenue ("DOR") and the PVA in Fayette Circuit Court seeking a declaration that the Fayette County property was entitled to an exemption under Section 170 of the Kentucky Constitution because it was owned and occupied by institutions of religion, or institutions of purely public charity. The DOR and PVA both moved to dismiss, arguing that TSF had failed to exhaust its administrative remedies before seeking

---

[1] Kentucky Revised Statutes.

[2] The record is unclear whether TSF filed its declaratory judgment action before or after its appeal of the PVA's denial. The declaratory judgment action was filed on May 30, 2019, and the appeal of the PVA's denial was filed sometime before June 17, 2019.

relief in circuit court. The circuit court agreed and dismissed the action, finding it lacked jurisdiction. This appeal followed.

"The question of jurisdiction is ordinarily one of law, meaning that the standard of review to be applied is de novo." *Appalachian Reg'l Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53-54 (Ky. 2007). Generally, "exhaustion of administrative remedies is a jurisdictional prerequisite to seeking judicial relief." *Commonwealth v. DLX, Inc.*, 42 S.W.3d 624, 625 (Ky. 2001) (citation omitted). TSF, however, cites *Iroquois Post No. 229, American Legion v. City of Louisville*, 279 S.W.2d 13, 14 (Ky. 1955), as controlling, and argues that a taxpayer need not exhaust administrative remedies when the question is one of property tax exemption.

In *Iroquois*, an American Legion post brought a declaratory judgment action seeking a declaration that it was exempt from property tax as an institution of purely public charity. The court dismissed the action finding KRS 133.120 provided the post a "clear and adequate . . . remedy and appeal therefrom[.]" *Id.* at 14. On appeal, Kentucky's then highest court held "[i]t is only where a special statute is clearly intended to provide an exclusive remedy that relief under the Declaratory Judgment Act is not available." *Iroquois*, 279 S.W.2d at 14. The Court found nothing in KRS 133.120 clearly indicated "the statutory procedure for

-3-

review of tax assessments shall be the exclusive method for determining whether property is exempt from taxation." *Id.*

TSF reads *Iroquois* as holding that KRS 133.120 is "purely optional as to questions of exemption." Thus, a taxpayer may always bring a declaratory judgment action to determine whether property is exempt from taxation because KRS 133.120 is not an exclusive remedy for exemption determinations. However, the relevant question in this case is not whether a taxpayer may choose between filing a declaratory judgment action or pursuing administrative remedies, but whether TSF, after availing itself of KRS 133.120, was required to exhaust its administrative remedies before seeking judicial review. We find *Iroquois* distinguishable and believe the rule set forth therein, in fact, supports the circuit court's dismissal.

First, nothing in *Iroquois* suggests the taxpayer in that case had pursued administrative relief prior to filing its declaratory judgment action. Here, TSF filed an application for exemption from property taxation with the PVA and appealed the denial to the local board of assessment appeals pursuant to KRS 133.120. Having initiated this process, TSF was required to exhaust administrative remedies before seeking judicial relief.

As stated in *Iroquois*, "where a special statute is clearly intended to provide an exclusive remedy . . . relief under the Declaratory Judgment Act is not

available." *Iroquois*, 279 S.W.2d at 14. KRS 49.220(1) grants the Kentucky Board of Tax appeals "exclusive jurisdiction to hear and determine appeals from final rulings, orders, and determinations of any revenue and taxation agency affecting revenue and taxation. . . ." The PVA's denial of TSF's application for an exemption from property taxation was a determination affecting revenue and taxation. TSF appealed this denial to the local board of assessment appeals. Once TSF availed itself of the administrative process through the procedures of KRS 133.120, the Board of Tax appeals had exclusive jurisdiction over any appeal concerning the exemption denial.

Instead of exhausting its administrative remedies, TSF filed a declaratory judgment action in circuit court. *Iroquois* acknowledged "a taxpayer cannot resort to the Declaratory Judgment Act to determine a question of exemption from taxation if the question already is pending in proceedings instituted under the statutes governing review of tax assessments." *Iroquois*, 279 S.W.2d at 14 (citing *Whitelaw v. Burke*, 161 S.W.2d 595 (Ky. 1942)); *see also Black v. Utter*, 190 S.W.2d 541, 542 (Ky. 1945) (citation omitted) ("The rule is also that a court will not take jurisdiction to render a declaratory judgment where . . . the purpose is to affect proceedings which may be taken or pending before a public board which is vested with full power to act in the premises.").

"[A] party must demonstrate that it has an inadequate administrative remedy before it may obtain direct judicial relief without exhausting the available administrative remedies." *Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 469 (Ky. 2004), *as modified* (Jun. 3, 2004). TSF has not argued that its administrative remedy is inadequate, merely optional. And while there are exceptions to the exhaustion rule, TSF has not asserted any specifically.

TSF does hint at one exception, arguing "[t]he procedures of KRS 133.120 are not applicable to the constitutional question of exemption from property tax under the Kentucky Constitution." Generally, "[e]xhaustion of administrative remedies is not necessary when attacking the constitutionality of a statute or a regulation as void on its face." *DLX, Inc.*, 42 S.W.3d at 626 (citation omitted). "This is because an administrative agency cannot decide constitutional issues." *Id.* (citation omitted). But TSF is not attacking KRS 133.120 as constitutionally void on its face. TSF is arguing the PVA's property tax assessment is void as applied to it, because it is exempt under Section 170 of the Kentucky Constitution. And "exhaustion of administrative remedies is not futile to an as-applied challenge to a statute." *DLX, Inc.*, 42 S.W.3d at 626.

In *Popplewell*, our Supreme Court set forth the reasoning behind the rule requiring exhaustion of administrative remedies:

> Exhaustion is generally required as a matter of
> preventing premature interference with agency processes,

-6-

> so that the agency may: (1) function efficiently and have an opportunity to correct its own errors; (2) afford the parties and the courts the benefit of its experience and expertise without the threat of litigious interruption; and (3) compile a record which is adequate for judicial review.

133 S.W.3d at 471 (citing 2 AM. JUR. 2D *Administrative Law* § 505 (1994)). "By honoring the exhaustion doctrine, courts avoid interfering with the administrative process, and the initial reviewing court benefits from the specialized knowledge of the agency." *Id.* (citation omitted). Finally, the Court noted "[t]he rule requiring exhaustion also promotes judicial economy by resolving issues within the agency, eliminating the unnecessary intervention of courts." *Id.* (citation omitted).

Here, an adequate administrative remedy was available, and TSF was required to exhaust it before seeking judicial relief. We would note the substantive issue of whether TSF is exempt from property taxation pursuant to Section 170 of the Kentucky Constitution is currently pending before the Kentucky Supreme Court in a companion case, No. 2023-SC-0235-DG, which may render the pending administrative proceedings in this case moot.

Based upon the foregoing, the order of the Fayette Circuit Court dismissing TSF's complaint for lack of jurisdiction is affirmed.

ALL CONCUR.

-7-

BRIEFS FOR APPELLANT:

Mark A. Loyd
Bailey Roese
Stephanie Bruns
Louisville, Kentucky

BRIEF FOR APPELLEE DAVID
O'NEILL IN HIS OFFICIAL
CAPACITY AS THE FAYETTE
COUNTY PROPERTY VALUATION
ADMINISTRATOR:

Angela Evans
Fayette County Attorney

John Hayne
Assistant Fayette County Attorney
Lexington, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY DEPARTMENT OF
REVENUE:

Richard W. Bertelson, III
Frankfort, Kentucky